# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL R. GANTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-320-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Daniel R. Gantt requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1]Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born February 20, 1960, and was fifty-two years old at the time of the administrative hearing (Tr. 25, 155). He completed the tenth grade, and has past relevant work as a painter (Tr. 15, 176). The claimant alleges that he has been unable to work since August 31, 2008, due to back pain, diabetes mellitus, and vision problems (Tr. 176).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 15, 2010. His applications were denied. ALJ J. Frederick Gatzke conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 19, 2012 (Tr. 10-17). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift 20 pounds occasionally or 10 pounds frequently and stand/walk/sit for 6 hours in an 8-hour workday, but that he

could not crawl or climb scaffolds/ladders, perform outdoor work, or be around dusts, fumes, or volatile chemicals (Tr. 13). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, ticket taker, arcade attendant, or final inspector (Tr. 16).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly account for his obesity; (ii) by failing to properly evaluate the medical evidence, specifically evidence from the claimant's treating physician Dr. Teddy Rowland; and (iii) by failing to properly assess his credibility. The Court finds the claimant's second contention persuasive.

The claimant had the severe impairments of diabetes mellitus, obesity, and low back pain (Tr. 12). Although the claimant alleges a disability onset date of 2008, the medical evidence begins in 2010. Medical records reflect that Dr. Teddy Rowland treated the claimant from July 6, 2011, through September 2012 (Tr. 264-290). A July 6, 2011, radiographic interpretation of an x-ray of the lumbar spine revealed degenerative joint disease of the lumbar spine (Tr. 265). Dr. Rowland noted he wanted to get an MRI, but there is no record of one in the medical evidence (Tr. 270). Dr. Rowland continued to treat the claimant for increased back pain, and noted that associated symptoms included radicular right leg pain and numbness in the right foot (Tr. 274). He also prescribed the claimant an inhaler, and notes reflect that the claimant complained of shortness of breath that had continued for four months and was worsening (Tr. 276, 280).

Dr. Rowland also completed a physical medical source statement for the claimant on September 6, 2012 (Tr. 289-290). He indicated that the claimant could lift/carry ten pounds frequently and ten pounds occasionally, could stand/walk less than two hours in an eight-hour workday and for twenty minutes continuously, and sit less than two hours in an eight-hour workday and for thirty minutes continuously (Tr. 289). He further indicated that the claimant was required to lie down during the normal workday, and that he was limited in the ability to push/pull. He indicated that the claimant could never climb, balance, stoop, kneel, crouch, or crawl, and only occasionally reach, handle, finger, and feel, but that he had no environmental restrictions (Tr. 290). He concluded these limitations were appropriate based on a diagnosis of degenerative joint disease (Tr. 290).

Dr. Terry L. Kilgore, M.D. examined the claimant on March 17, 2011. Dr. Kilgore's impression was diabetes mellitus, decreased visual acuity, and chronic back pain. The claimant had reduced range of motion of the cervical spine; diminished breath sounds bilaterally; reduced range of motion of the lumbosacral spine, with flexion at 35 degrees and restricted by pain; heel walking and toe walking slightly weak with the left leg due to pain in the back; and straight leg raising mildly positive on the left, negative on the right (Tr. 246, 249-251).

A state reviewing physician found on March 29, 2011, that the claimant could perform light work, with unlimited pushing and pulling, and no other limitations (Tr. 253-259).

The medical opinions of treating physicians are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight. The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1300-1301, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations and citations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996). Likewise, the opinions of physicians such as consultative examiners must be evaluated for the proper weight. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the

medical professional. . . . An ALJ must also consider [the *Watkins*] factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995).

Here, the ALJ summarized the claimant's testimony as well as the medical record (Tr. 13-15). He summarized Dr. Kilgore's report and mentioned some of Dr. Rowland's medical records but provided no analysis for adopting or discrediting these opinions (Tr. 14). He then found the claimant not credible, and assigned the state reviewing physician's opinion "substantial weight," but with the additional postural and environmental restrictions "based on the claimant's hearing testimony" (Tr. 15). However, the ALJ failed to explain why he gave substantial weight to that opinion and did not even properly assess the treating and consultative opinions in the record. This is particularly important where, as here, the ALJ appeared to adopt most of the state physician's findings but failed to explain why the claimant's documented reduced range of motion and continued back pain nevertheless enabled him to perform light work, particularly standing/walking up to six hours in an eight-hour workday. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991). *See also Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-386 (7th Cir. 1984) ("Th[e] report is

uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

Accordingly, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate *all* the evidence. If the ALJ's subsequent analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 17th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**